**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

MADURO DISTRIBUTORS INC.,

Plaintiff,

v. Case No. _______________

LOON INC., LOON II, INC.,
AHMAD AL-HAWWARI,
SWERVE FARMS, LLC,
CHRISTOPHER WENZEL,
AND JOHN DOES 1-10,

Defendants.

# COMPLAINT

Plaintiff Maduro Distributors Inc. ("Maduro"), by and through its undersigned counsel, hereby asserts the following complaint against Defendants Loon Inc., Loon II, Inc., Ahmad Al-Hawwari, Swerve Farms, LLC, Christopher Wenzel, and John Does 1-10, and alleges and avers as follows:

## PARTIES

1. Plaintiff Maduro Distributors Inc. ("Maduro" or "Plaintiff") is a Minnesota corporation with a principal place of business at 7580 Commerce Lane NE, Fridley, Minnesota 55432.

2. On information and belief, Defendant Loon Inc. d/b/a MnLooN ("Loon") is a Minnesota corporation with an address at 2801 Lyndale Ave S., Minneapolis, MN 55408-2109.

3. On information and belief, Defendant Loon II Inc. d/b/a MnLooN ("Loon II") is a Minnesota corporation with a listed business address at 220 S. 6th St., Ste 2200, Minneapolis, MN 55402-4504.

4. On information and belief, Defendant Ahmad Al-Hawwari ("Al-Hawwari") is an individual resident of Minnesota with an address at 770 Lilium Trl, Medina, Minnesota 55340.

5. On information and belief, Defendant Swerve Farms, LLC d/b/a MnLooN ("Swerve Farms") is a Minnesota limited liability company with a business address at 16024 Berger Dr., Eden Prairie, MN 55347-2353, and retail operations at 608 S. Snelling Avenue, Saint Paul, MN 55116, and 8337 210 St W, Lakeville, MN 55044.

6. On information and belief, Defendant Christopher Wenzel ("Wenzel") is an individual resident of Minnesota with an address at 16024 Berger Dr., Eden Prairie, MN 55347-2353.

7. On information and belief, there are other business entities and/or individuals that Plaintiff presently cannot identify that are controlled by and/or are affiliated with the Defendants identified above and the causes of action asserted in this action, presently identified herein as Does 1-10. Plaintiff will amend this Complaint to allege their true names and capacities when their identities are ascertained.

## JURISDICTION

8. This Court has personal jurisdiction over Defendants because each Defendant resides in this judicial district and the acts alleged herein occurred in this judicial district.

9. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1338 (civil action arising under any act of Congress relating to trademarks and patents), and 1367 (supplemental jurisdiction).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and the acts alleged herein occurred in this judicial district.

## FACTS

### A. Maduro and the LOON Trademarks

11. Maduro is a distributor of smoking articles and accessories, including nicotine pouches, electronic cigarettes, e-liquids and accessories therefor ("Maduro's Goods and Services").

12. Maduro is the owner of the LOON brand of nicotine pouches, e-cigarettes and accessories therefor, including a family of marks consisting of or incorporating the term LOON for use in connection with such goods.

13. Maduro owns the following valid and subsisting U.S. trademark registrations for the LOON marks (the "Loon Registered Marks"):

| Mark | U.S. Registration No. |
|---|---|
| LOON | 7185467 |
| LOON | 7269716 |
| LOON | 8133356 |
| LOON SALTS | 7102769 |
| LOON AIR+ | 7102839 |
| DRIP BY LOON | 7001909 |
| LOON TYPHOON | 7102840 |
| LOON MAXX | 7191799 |
| LOON NYXX | 7429472 |

| Mark | U.S. Registration No. |
|---|---|
| LOON BOOST | 8059210 |
| LOON REFILLS | 8330641 |

14. Maduro also owns the following Minnesota state trademark registrations for goods in Classes 9 and 34, which were first registered in May 2015, alleging October 1, 2014 as the date of first use in the state (the "LOON State Registered Marks"):

| Mark | MN Registration No. |
|---|---|
| THE LOON PURE MINNESOTAN & Design | 826181800046 |
| THE LOON PURE MINNESOTAN & Design | 826181800034 |

15. In addition to the LOON Registered Marks and the LOON State Registrations, Maduro also owns substantial common law rights in its various LOON marks, including its distinctive LOON logo and bird design:






(the Loon Registered Marks, the Loon State Registered Marks, and the LOON common law rights shall be referred to collectively as the "LOON Marks").

16. Maduro has offered for sale in U.S. commerce electronic cigarettes, vaping devices, and other smoking and nicotine-based goods and accessories in connection with the LOON Marks since at least as early as August 2012.

17. Maduro advertises its products bearing the LOON Marks through Maduro's URL ***https://theloonmn.com***, and sells those products through various channels of trade, including through wholesale distributors of smoking articles via websites at ***https://loonwholesale.com*** and ***https://loondistro.com***, and directly to consumers in certain circumstances.

18. Maduro has advertised and promoted goods bearing the LOON Marks in various media, including industry-leading trade shows, through local press, and through the Internet.

19. Maduro has expended substantial amounts of money, time, and effort in advertising, promoting, and popularizing the LOON Marks and in preserving the goodwill associated therewith.

20. The LOON Marks and distinguishable logos are widely recognized as the source identifiers of Maduro and its high-quality goods. Maduro's LOON Marks have become distinctive of and associated in the minds of the trade and purchasing public with Maduro as a well-known provider of Maduro's Goods and Services.

21. The relevant consuming public has come to know Maduro's LOON Marks and recognize that any goods so marked originate with Maduro. By virtue of these efforts

and by virtue of the excellence of its goods, Maduro has gained a valuable reputation for the LOON Marks.

**B. <u>Defendant Al-Hawwari and the "Loon Smoke Shop"</u>**

22. On information and belief, Defendant Al-Hawwari is the owner and/or Chief Executive Officer for Defendants Loon, Loon II, and various other Minnesota business entities.

23. On information and belief, Al-Hawwari operates or has operated a multitude of businesses in the Minneapolis metropolitan area, including a deli/grocery store located at 2501 Lyndale Ave S., Minneapolis, MN, which property is owned by A&M Market, LLC, a limited liability company also owned by Al-Hawwari.

24. In or around 2017-2018, several ordinances were passed in cities such as Minneapolis that restricted the sale of certain tobacco products to adults-only stores.

25. On information and belief, as a consequence of these ordinances, in December 2017, Al-Hawwari petitioned the Minnesota City Planning Commission to re-zone the 2501 Lyndale Ave S. property for a project entitled "Loon Grocery Remodel," ostensibly to rezone the property to allow Al-Hawwari to open a "smoke shop" within his existing building and establish the use as a shopping center in order to segregate the sale of tobacco products that he could not legally sell within the grocery store that occupied the premises.

26. On information and belief, Al-Hawwari's "Loon Smoke Shop" opened in or around December 19, 2018, as evidenced by a social media post indicating, "out with the old…in with the new!":




27. On information and belief, the Loon Smoke Shop carries goods identical to the Maduro Goods and Services distributed by Maduro under its LOON Marks.

28. While Al-Hawwari contends that Maduro was a "supplier/vendor" to Al-Hawwari 's businesses, Maduro has no records of Al-Hawwari or any of his businesses ever being a Maduro customer, and on information and belief, the LOON-branded goods distributed by Al-Hawwari at the Loon Smoke Shop were counterfeit.

**C. <u>The MnLooN Business Entities</u>**

29. On January 3, 2025, Defendant Loon was formed with the Minnesota Secretary of State, listing Al-Hawwari's Loon Smoke Shop address, 2501 Lyndale Ave S., Minneapolis, MN 55405-3320, as its mailing address, and identifying Al-Hawwari's attorney as its Registered Agent.

30. On March 13, 2025, Defendant Loon II was formed with the Minnesota Secretary of State, listing Al-Hawwari's attorney's address as its registered office address and identifying Al-Hawwari's attorney as its Registered Agent.

31. On June 25, 2025, one or more of the Defendants, or someone controlled by or acting on behalf of one or more of the Defendants, registered the domain name ***themnloon.com*** with the domain name registrar GoDaddy.com, LLC, listing the domain name privacy service Domains by Proxy, LLC as the registrant (the "Domain Name").

32. The Domain Name was registered in a manner to conceal the identity of the true owner of the Domain Name.

33. On July 10, 2025, Defendant Loon II filed an Assumed Name filing with the Minnesota Secretary of State for the business name "MnLooN," listing Al-Hawwari's attorney address as its Principal Place of Business Address.

34. On September 24, 2025, Defendant Loon filed an Assumed Name filing with the Minnesota Secretary of State for the business name "MnLooN," listing 2801 Lyndale Ave S, Minneapolis, MN 55408-2109 as its Principal Place of Business.

35. Some time between June 25, 2025, and September 10, 2025, one or more of the Defendants, or someone controlled by or acting on behalf of one or more of the Defendants, configured a website at ***themnloon.com*** to replicate certain aspects of Maduro's website available at ***theloonmn.com***, including the color scheme and loon images used by Maduro in connection with the LOON Marks, to advertise a forthcoming cannabis dispensary business, using the following logo:

36. In late-2025, the landing page for the website available at ***themnloon.com*** stated, "Coming Soon in November," displaying Defendant Loon's 2801 Lyndale Ave S. address.

37. In or around September 2025, Defendants, or individuals acting in concert therewith, commenced advertising Defendants' "MnLooN" cannabis dispensary on Social Media as "coming soon," listing four locations in Minneapolis, St. Paul, Bloomington, and Eden Prairie, with "Rochester, Mankato, St. Cloud, Winona, & More!" listed as "Coming Soon." An example of one such advertisement is displayed below.




38. The above advertisement includes language reading "est: 2018" with a Loon bird design similar to the text and design previously used by Maduro, further highlighting the connection with Al-Hawwari's Loon Smoke Shop that was founded in 2018.

39. On December 15, 2025, the Minnesota Office of Cannabis Management issued Defendant Loon d/b/a MnLooN a cannabis business license for its 2801 Lyndale Ave. S. address identifying Defendant Al-Hawwari as the "site contact."

40. On January 29, 2026, Defendant Swerve Farms, which lists Defendant Christopher Wenzel as "Manager," filed with the Minnesota Secretary of State an Assumed

Name filing, identifying “MnLooN” as its assumed name, listing its principal place of business at 16024 Berger Dr., Eden Prairie, MN 55347.

41. On February 10, 2026, the Minnesota Office of Cannabis Management issued Defendant Swerve Farms, LLC d/b/a MnLooN a cannabis business license for its 608 S. Snelling Avenue, Saint Paul, MN 55116 address, identifying Defendant Wenzel as the “site contact.”

42. On information and belief, Defendants commenced operation of their MnLooN dispensaries at 608 Snelling Ave S., Saint Paul, and 2801 Lyndale Ave S, Minneapolis, in or around April 20, 2026:




43. In or around May 2026, Defendants launched a “MnLooN” downloadable mobile app in the Apple App Store, identifying Defendant Loon II Inc. as the developer of the app:




44. On information and belief Defendants commenced operation of their MnLooN dispensary at 8337 210 St W, Lakeville, Minnesota, on or around August 28, 2026:



45. According to the MnLooN website, Defendants intend to open additional MnLooN dispensaries soon in Bloomington, Minneapolis, St. Cloud, Coon Rapids, and Rochester:




46. On information and belief, Al-Hawwari, Loon, and/or Loon II license and/or intend to license the alleged "MnLooN" brand to companies and individuals such as Swerve Farms and Wenzel who receive recreational and/or medical cannabis licenses from the Minnesota Office of Cannabis Management to open additional dispensaries in these locations under the MnLooN name, the identities of which to be ascertained through discovery and added as parties to this matter, as appropriate (hereafter, Defendants' use of LOON, LOON SMOKE SHOP, and MNLOON shall be referred to collectively as "Defendants' Accused Marks," and the goods and services offered in connection with these marks, "Defendants' Accused Goods and Services").

**D. <u>Consumer Confusion in the Marketplace</u>**

47. Defendants' adoption and use of Defendants' Accused Marks in connection with Defendants' Accused Goods and Services occurred well after Maduro's adoption and continuous use of the LOON Marks in connection with Maduro's Goods and Services.

48. Actual consumer confusion is occurring due to Defendants' adoption and use of branding that is confusingly similar to Maduro's LOON Marks, including consumers who believe Defendants' MnLooN dispensaries are operated by Maduro, or are authorized, licensed, endorsed, or otherwise affiliated with Maduro, which is not true.

49. Consumers have expressed to Maduro their erroneous belief that the MnLooN dispensaries and the goods distributed by Defendants are distributed by Maduro, or are otherwise authorized by, approved by, or affiliated with Maduro.

50. On information and belief, Defendants selected the MnLooN name and TheMnLooN.com domain name to trade off the goodwill associated with Maduro's LOON Marks that it has used in connection with smoking products and accessories since at least as early as August 2012.

51. By letters dated August 19, 2025, September 12, 2025, March 16, 2026, and April 7, 2026, to Al-Hawwari's businesses located at 2801 Lyndale Ave. S. and/or his legal counsel, counsel for Maduro demanded discontinuation of Defendants' Accused Marks in connection with Maduro's Goods and Services and related goods and services, including smoking articles.

52. By letter dated April 2, 2026, counsel for "Ahmad Al-Hawwari and his affiliated businesses" responded to counsel's March 16, 2026 letter, but to date,

Defendants' infringing conduct persists and is expanding, further progressively encroaching on Maduro's trademark rights.

53. Defendants are not authorized licensees of the LOON Marks for use on any goods or services.

54. Defendants are aware of the value of the LOON Marks and have sought to profit from the consumer goodwill associated with the LOON Marks.

55. Defendants have and continue to cause significant damage to Maduro's rights and economic interest in the LOON Marks.

56. Upon information and belief, Defendants have adopted and used the LOON SMOKE SHOP and MnLooN names after Plaintiff's prior adoption and use of the LOON Marks with the willful intent to cause consumer confusion and mistake and to deceive as to the affiliation, connection, or association of Defendants with Maduro as to the origin, sponsorship, or approval of Defendants' goods, services and commercial activities.

57. As a result of Defendants' actions, Maduro was required to hire the law firm Thompson Hine LLP and is obligated to pay their attorneys a reasonable fee for their services.

**<u>COUNT I</u>**
**(Federal Trademark Infringement under 32(1) of the Lanham Act,**
**15 U.S.C. §§ 1114(1))**

58. Maduro incorporates by reference the allegations of Paragraphs 1-57, above.

59. Defendants' unauthorized use in commerce of marks confusingly similar to Maduro's LOON Registered Marks in connection with the advertisement and sale of goods and services identical to and/or substantially similar to those offered by Maduro, as alleged

herein, has caused and is likely to continue to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of Defendants' goods and is likely to cause consumers to mistakenly believe that Defendants' goods have been authorized, sponsored, approved, endorsed, or licensed by Maduro or that Defendants are the same as or in some way affiliated with Maduro or the goods and services Maduro offers under its LOON Registered Marks.

60. Defendants' acts constitute willful federal trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

61. Defendants' infringement of the LOON Registered Marks entitles Maduro to recover monetary relief pursuant to 15 U.S.C. §1117, including Maduro's damages, treble damages, Defendants' profits, costs, and reasonable attorney's fees.

62. Defendants' acts of infringement of the LOON Registered Marks have caused and will continue to cause irreparable injury to Plaintiff if not restrained by the Court from further violation of Plaintiff's rights. Maduro has no adequate remedy at law, and therefore seeks injunctive relief under 15 U.S.C. § 1116.

## COUNT II
## (Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of 15 U.S.C. § 1125(a)(1)(A))

63. Maduro incorporates by reference the allegations of Paragraphs 1-62, above.

64. Defendants' adoption and unauthorized use in commerce of identical and/or confusingly similar variations of Plaintiff's LOON Marks in connection with the advertising, marketing, and sale of goods and services that are identical or substantially

similar to those offered by Plaintiff, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of Defendants' goods, and is likely to cause consumers to mistakenly believe that Defendants' goods are authentic LOON goods that have been authorized, sponsored, approved, endorsed, or licensed by Maduro or that Defendants are in some way affiliated with Maduro or the goods and services that Maduro offers under their LOON Marks.

65. Defendants' acts alleged herein constitute infringement, unfair competition, and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. By reason of Defendants' actions, Maduro has suffered irreparable harm to its valuable trademarks and the goodwill associated therewith. Maduro has been and, unless Defendants are preliminarily and permanently restrained from their actions, will continue to be irreparably harmed.

67. As a direct and proximate result of Defendants' conduct, Maduro has suffered and will continue to suffer damages in an amount to be proved at trial.

## COUNT III
## (Violation of the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d))

68. Maduro incorporates by reference the allegations of Paragraphs 1-67, above.

69. Maduro's LOON Marks are well known and distinctive and were as such prior to the registration of the Domain Name.

70. The Domain Name fully incorporates the LOON Mark and confusingly transposes the two other elements in Maduro's domain name, from ***theloonmn.com*** to ***themnloon.com***.

71. The use of the LOON Marks within the Defendant Domain Name and associated website is without authorization from Maduro.

72. The Domain Name and website displayed by the registrant of the Domain Name is very likely to be confused with Maduro's legitimate online location at www.theloonmn.com.

73. Upon information and belief, the registrant of the Defendant Domain Name registered the Domain Name with the intent to divert consumers seeking to learn about genuine LOON products or identify retail locations where they are sold away from Maduro's online location at www.theloonmn.com, for commercial gain, by Defendant's adoption and unauthorized use in commerce of Maduro's LOON Marks and confusingly similar variations thereof in connection with the advertising, marketing, and sale of goods that are identical and/or highly related to those offered by Maduro. This action, as alleged herein, is likely to cause confusion, to cause mistake, or to deceive consumers as to the source, origin, affiliation, connection, or association of Defendant's goods, and is likely to cause consumers to mistakenly believe that Defendant's goods and services are real and authentic goods and services that have been authorized, sponsored, approved, endorsed, or licensed by Maduro, or that Defendant is in some way affiliated with Maduro or the goods and services that Maduro offers under its marks.

74. The aforesaid acts by the registrant of the Domain Name constitute registration, maintenance, or use of a domain name that is confusingly similar to Maduro's LOON Marks, with bad faith intent to profit therefrom.

75. The aforesaid acts by the registrant of the Domain Name constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

76. By reason of Defendant Domain Name's actions, the public and Maduro have suffered irreparable harm. Maduro's harm includes harm to its valuable trademarks and the goodwill associated therewith. Maduro has been and, unless Defendant is preliminarily and permanently restrained from its actions, will continue to be irreparably harmed.

77. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Maduro is entitled to an order transferring, by GoDaddy.com, LLC or VeriSign, Inc., ownership and registration of the Domain Name to Maduro Distributors Inc., owner of the LOON Marks.

**COUNT IV**

**(Infringement of Minnesota State Trademark Registrations, Minn. Stat. § 333.28)**

78. Maduro incorporates by reference the allegations of Paragraphs 1-77, above.

79. Maduro is the owner of the LOON State Registered Marks identified herein, issued on May 12, 2015, by the Minnesota Secretary of State, for goods in Classes 9 and 34.

80. The LOON State Registered Marks are valid, subsisting, and enforceable under Minn. Stat. Chapter 333.

81. Subsequent to Maduro's registration of the LOON State Registered Marks, Defendants have used in commerce in the State of Minnesota, without authorization or consent from Maduro, Defendants' Accused Marks, which constitute a reproduction, counterfeit, copy, or colorable imitation of the LOON State Registered Marks.

82. Defendants' use of Defendants' Accused Marks is in connection with Defendant's distribution of Defendants' Accused Goods and Services, which are identical to and/or closely related to Maduro's Goods and Service covered by the LOON State Registered Marks.

83. Defendants' use of Defendants' Accused Marks is likely to cause confusion, mistake, or deception among consumers as to the source, origin, sponsorship, or approval of Defendants' Accused Goods and Services or as to an affiliation or connection between Defendants and Maduro.

84. Defendants' acts of infringement have been willful and deliberate, as evidenced by Defendants' knowledge of Maduro's LOON State Registered Marks and progressive encroachment on Maduro's LOON brand.

85. As a direct and proximate result of Defendants' infringing conduct, Maduro has suffered and continues to suffer irreparable harm, including but not limited to loss of sales, diversion of customers, damage to reputation and goodwill, and loss of control over the quality of goods/services sold under the LOON State Registered marks, as well as damages in an amount to be proved at trial.

**COUNT V**
**(Common Law Trademark Infringement – Minnesota Common Law)**

86. Maduro incorporates by reference the allegations of Paragraphs 1-85, above.

87. Maduro has used the LOON Marks continuously in commerce in the State of Minnesota since at least as early as 2012 in connection with Maduro's Goods and Services.

88. The LOON Marks are inherently distinctive and identify Maduro as the source of the Maduro Goods and Services in the minds of Minnesota consumers.

89. Maduro has priority of rights in and to the LOON Marks because Maduro's use of the LOON Marks in connection with the Maduro Goods and Services predates any use by Defendants in the State of Minnesota in connection with the accused goods and services.

90. Since dates after Maduro's adoption and use of the LOON Marks, Defendants have used in commerce in Minnesota Defendants' Accused Marks, which are identical and/or confusingly similar to Maduro's LOON Marks.

91. Defendants' use of Defendants' Accused Marks is in connection with Defendants' Accused Goods and Services, which are identical to and/or closely related to Maduro's Goods and Service and are marketed through similar channels as Maduro's goods and services.

92. Defendants' use of the marks alleged herein is likely to cause confusion, mistake, or deception among consumers in Minnesota as to the source, origin, sponsorship, or approval of Defendants' goods and services.

93. Defendants' acts of infringement have been willful and deliberate.

94. As a direct and proximate result of Defendants' conduct, Maduro has suffered and continues to suffer irreparable injury, including loss of sales, loss of goodwill, damage to reputation, confusion among consumers, and diversion of customers.

**COUNT VI**
**Minnesota Unfair Competition and Deceptive Trade Practices, Minn. Stat. §§ 325D.43–325D.48; Minnesota Common Law**

95. Maduro incorporates by reference the allegations of Paragraphs 1-94, above.

96. Maduro has established substantial goodwill and consumer recognition in the LOON Marks used in connection with the sale and distribution of smoking articles in the state of Minnesota.

97. Defendants, in the course of their businesses, have engaged in deceptive trade practices by adopting and using trademarks and other branding that is identical to and/or confusingly similar to Maduro's LOON Marks, including but not limited to:

a. Passing off Defendants' goods and services as those of Maduro by using marks that are identical and/or substantially similar to Maduro's LOON Marks;

b. Causing a likelihood of confusion or misunderstanding among consumers as to the source, sponsorship, approval, or certification of Defendants' Goods and Services; and

c. Causing a likelihood of confusion or misunderstanding as to an affiliation, connection, or association between Defendants and/or Maduro.

98. Defendants' conduct is likely to confuse, mislead, or deceive reasonable consumers in Minnesota as to the source, sponsorship, or approval of Defendants' goods and services.

99. Defendants' acts of unfair competition and deceptive trade practices have been willful and deliberate, as described herein.

100. As a direct and proximate result of Defendants' conduct, Maduro has suffered and continues to suffer irreparable injury, including damage to goodwill, diversion of customers, lost sales, damage to reputation, and inability to control the quality of goods or services offered under or in connection with its LOON Marks.

## PRAYER FOR RELIEF

**WHEREFORE**, Maduro requests that this Court enter judgment in favor of Maduro and against each of the Defendants, specifying that:

A. Defendants have willfully and deliberately violated 15 U.S.C. § 1114(1)(a), that Maduro has been damaged by such violations, and that Defendants are jointly and severally liable to Maduro for such violations;

B. Defendants have willfully and deliberately violated 15 U.S.C. §1125(a), that Maduro has been damaged by such violations, and that Defendants are jointly and severally liable to Maduro for such violations;

C. Defendants have willfully and deliberately engaged in unlawful cyberpiracy in violation of 15 U.S.C. §1125(d), that Maduro has been damaged by such violations, and that Defendants are jointly and severally liable to Maduro for such violations;

D. Defendants have willfully and deliberately violated Minn. Stat. § 333.28 and the common law of the state of Minnesota for trademark infringement, that Maduro has been damaged by such violations, and that Defendants are jointly and severally liable to Maduro for such violations;

E. Defendants have willfully and deliberately violated Minn. Stat. §§ 325D.43-325D.48 and Minnesota common law, that Maduro has been damaged by such violations, and that Defendants are jointly and severally liable to Maduro for such violations;

F. Ordering the Domain Name be transferred from the current domain name registrant and registrar to Maduro's domain name registrar of choice and by such registrar's change of the registrant to Maduro Distributors Inc.;

G. Under all claims for relief, ordering that Defendants, their affiliates, officers, directors, agents, representatives, attorneys, and all persons acting or claiming to act on their behalf or under their direction or authority, and all persons acting in concert or participation therewith, be preliminarily and permanently enjoined from using Defendants' Accused Marks and/or any confusingly similar marks or colorable imitations thereof in connection with the promotion, advertisement, display, sale, or distribution of any goods or services offered by Defendants that are related in any way to smoking articles or cannabis distribution;

H. Ordering Defendants to remove and deliver up for destruction all counterfeit/infringing products, advertisements, packaging, labels, materials, and other articles bearing the Accused LOON Marks or any other mark that infringes Plaintiff's LOON Marks;

I. An award of damages, jointly and severally, pursuant to 15 U.S.C. § 1117 and Minn. Stat. §§ 333.28, 333.285, and 333.29, including but not limited to all gains, profits, and advantages derived from Defendants' sale of goods in connection with the accused LOON Marks, Plaintiff's damages and costs, statutory damages in the amount of $100,000 for violation of 15 U.S.C. § 1125(d), and/or treble damages, and punitive damages for Defendants' willful and intentional misconduct.

J. An award of Plaintiff's costs and disbursements incurred in this action;

K. An award of attorneys' fees for violation of the Lanham Act, Minnesota statutes, or as otherwise allowed by law or equity;

L. An award of interest, including prejudgment and post-judgment interest at the statutory rate; and

M. Any other additional relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Maduro respectfully requests a trial by jury on all issues raised in this Complaint.

Dated: September 1, 2026

Respectfully submitted,

/s/_*Victor M. Cedeño*
Victor M. Cedeño
(MN Bar No. 504216)
Victor.Cedeno@ThompsonHine.com
**THOMPSON HINE LLP**
800 Nicollet Avenue, Suite 2850
Minneapolis, MN 55402
Telephone: (612) 605-5900

Carrie A. Shufflebarger
(*pro hac vice* forthcoming)
Carrie.Shufflebarger@ThompsonHine.com
**THOMPSON HINE LLP**
312 Walnut Street, Suite 2000
Cincinnati, OH 45202
Telephone: (513) 252.6700

Eric N. Heyer
(*pro hac vice* forthcoming)
Eric.Heyer@ThompsonHine.com
**THOMPSON HINE LLP**
1919 M Street, NW, Suite 700
Washington, DC 20036
Phone: (202) 331-8800

*Attorneys for Plaintiff*